## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **for the Use and Benefit of ANNA SMITH d/b/a** | § | |
| **BRAZOS VALLEY TILE INSTALLATIONS** | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO. 6:22-cv-00907** |
| | § | |
| **vs.** | § | |
| | § | |
| **C3, LLC dba CUETO CONSULTING AND** | § | |
| **CONSTRUCTION, LLC, ANDREW CUETO,** | § | |
| **and LEXON INSURANCE** | § | |
| **COMPANY** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, United States of America, for the Use and Benefit of ANNA SMITH d/b/a BRAZOS VALLEY TILE INSTALLATIONS, and files this Plaintiff's Original Complaint against Defendants C3, LLC dba CUETO CONSULTING AND CONSTRUCTION, LLC and LEXON INSURANCE COMPANY (herein collectively referred to as "Defendants"); and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff, ANNA SMITH d/b/a BRAZOS VALLEY TILE INSTALLATIONS ("Plaintiff") is an individual residing and doing business in the State of Texas.

2. Defendant, C3, LLC ("C3") also doing business as Cueto Consulting and Construction, LLC, is a Texas Limited Liability Corporation with the authority to do business in the State of Texas with its principal place of business located at 518 North Fifth Street, Temple, Texas 76501. Service may be made upon its registered agent, Andrew Cueto, at that address or wherever he may be found.

3.      Defendant, Andrew Cueto ("Cueto"), is an individual residing in the State of Texas who may be served with process at 518 North Fifth Street, Temple, Texas, 76501 or wherever he may be found.

4.      Defendant, LEXON INSURANCE COMPANY ("Lexon"), an insurance company, authorized to do business in the State of Texas, with its principal place of business located in Louisville, Kentucky. Lexon is now a member of Sompo International Companies. It may be served with process through its Registered Agent, Jay A. Thompson, at 701 Brazos Street, Suite 1500, Austin, Travis County, Texas 78701, or where it may be found.

## II.      JURISDICTION AND VENUE

5.      Plaintiff submits that the main action asserted herein arises pursuant to 40 U.S.C., § § 3131-3133, et seq. (commonly referred to as "The Miller Act"), which confers upon this Court subject matter jurisdiction under 28 U.S.C., Section 1331 as an action arising under the laws of the United States. Pursuant to § 3133(3), this action must be brought in the name of the United States for the use of the person bringing the action and in the United States District Court for any district in which the contract was to be performed regardless of the amount in controversy.

6.      Plaintiff is seeking funds, among other causes of action, against a payment bond provided for the benefit and protection of subcontractors like Plaintiff that provided labor and materials for a construction project.

7.      Plaintiff submits that supplemental jurisdiction exists as to the underlying breach of contract, construction trust fund, quantum meruit, attorney fees, and interest claims alleged by Plaintiff against C3 and the Construction trust fund claim alleged by Plaintiff against Cueto pursuant to 28 U.S.C. § 1367(a). Plaintiff joins and invokes the Court's pendent and supplemental jurisdiction as to any claim or causes of action that are not made pursuant to the Miller Act. Any

and all claims alleged herein and found pendent are joined herein as being derived from a common nucleus of operative facts.

8.    Venue is proper in the Western District of Texas pursuant to 40 U.S.C. § 3133 because it is the federal district in which the construction project made the basis of this suit is located.

9.    More than ninety (90) days but less than one year have passed since the last of the labor and materials were furnished by Plaintiff to the construction project at issue.

### III.    RELEVANT BACKGROUND

**A.    LABOR AND MATERIALS TO C3**

10.    Plaintiff was a sub-contractor to C3, who had a construction contract with the owner, U.S. Army Corps of Engineers, on the construction project known as the "Lake Waco Project Office (roof replacement)" ("Lake Waco Project"), located at 3801 Zoo Park Drive, Waco, Texas 76708.

11.    Plaintiff would show that beginning in December 2020 and continuing through September 2021, it provided labor for the Lake Waco Project and sold and delivered to C3, at C3's special instance and request, certain goods, wares, and merchandise for the use in Lake Waco Project-all of which C3 accepted and thereby became bound to pay Plaintiff. The total reasonable value of the labor and material provided but not paid for was $75,117.00 True and correct copies of the invoices sent to C3 on the Lake Waco Project are attached hereto as part of Exhibit A.

12.    On November 19, 2020, C3 and Plaintiff agreed for Plaintiff to provide labor and materials as C3's subcontractor on the Lake Waco Project, pursuant to estimates for work prepared by Plaintiff. A true and correct copy of the contract is attached hereto as Exhibit B. A true and correct copy of the estimates are attached hereto as Exhibit C.

13.    On or about October 8, 2020, Lexon, a surety, issued a Payment Bond pursuant to The Miller Act, with C3 as Principal for the Lake Waco Project. A true and correct copy of the Payment

Bond is attached hereto as <u>Exhibit D.</u> Lexon has since been purchased or otherwise became a part of Sompo International.

## IV.    CAUSES OF ACTION COUNT
## COUNT I – BREACH OF CONTRACT AGAINST C3

14.    Plaintiff incorporates the preceding allegations above as though fully set forth herein.

15.    Under the terms of the subcontract, C3 agreed to make payments to Plaintiff for labor and materials provided to the Lake Waco Project.

16.    C3 has not paid Plaintiff the amounts that are due despite Plaintiff having provided labor and materials for use in the Lake Waco Project.

17.    Plaintiff submitted invoices to C3, who failed and refused to pay Plaintiff for its labor and materials supplied and incorporated in the Lake Waco Project, totaling $75,117.00. C3's failure to pay the amounts owed to Plaintiff constitutes a breach of contract.

18.    Plaintiff has been damaged by said Defendant's breaches of contract in an amount at least $75,117.00.

19.    All conditions precedent to Plaintiff's right of recovery for breach of contract have occurred, been satisfied, or waived.

## COUNT II – BREACH OF THE TEXAS CONSTRUCTION TRUST FUND STATUTE

20.    Plaintiff incorporates the preceding allegations above as though fully set forth herein.

21.    The Texas Construction Trust Fund Statute, as set forth under Chapter 162 of the Texas Property Code (Vernon's Chapter 162.001 et seq.), provides that construction payments by the owner to a general contractor or by a general contractor to a subcontractor are trust funds for the benefit of a subcontractor if made under a construction contract for the improvement of real property.

22.     C3 was acting as general contractor pursuant to the construction contracts it had with the owner on the Lake Waco Project. Plaintiff furnished labor and materials for use in the Lake Waco Project. C3 and its officers, directors, and agents, including Andrew Cueto, were in charge and controlled all funds received by them from the owner and were responsible for determining which bills were to be paid. Funds received by C3 and its officers, directors, and agents, including Andrew Cueto, on the Lake Waco Project for labor and materials provided by Plaintiff were utilized for other than the payment of reasonable costs and overhead for which the funds were paid. C3 intentionally did not pay Plaintiff although it knew that Plaintiff's bills were due and owing.

23.     Funds received by C3 and its officers, directors, and agents, including Andrew Cueto, were trust funds for the benefit of Plaintiff. C3 and its officers, directors, and agents, including Andrew Cueto, are trustees for Plaintiff by operation of law, and the funds received by C3 for the Lake Waco Project were misappropriated by C3 and its officers, directors, and agents, including Andrew Cueto, while they acted in their fiduciary capacity as trustees to the detriment of Plaintiff. Plaintiff has been damaged in the total principal amount of at least $75,117.00.

24.     All conditions precedent to Plaintiff's right of recovery for breach of the Texas Construction Trust Fund Statute have occurred, been satisfied, or waived.

## COUNT III – VIOLATION OF THE PROMPT PAY ACT

25.     Furthermore, Chapter 28 of the Texas Property Code compels C3 to have tendered payment to Plaintiff within a specified period after receipt of payment from the general contractor and/or owner. To the extent C3 has received full or partial payment on the Project, it failed to tender payments to Plaintiff.

26.     Plaintiff seeks the recovery of interest on all past-due amounts at the rate of 1.5% per month to the fullest extent permitted by Chapter 28 of the Texas Property Code, together with the recovery of its attorney fees and costs of court as provided by same.

27.     All conditions precedent to Plaintiff's right of recovery for breach of the prompt payment act have occurred, been satisfied, or waived.

## COUNT IV – ACTION ON THE BOND UNDER THE MILLER ACT

28.     Plaintiff incorporates the preceding allegations above as though fully set forth herein.

29.     The Payment Bond, issued by Lexon for the Lake Waco Project, is for the benefit of all persons supplying labor and material in carrying out the work on the Lake Waco Project.

30.     Plaintiff last supplied labor and materials to the Project up to and including September 3, 2021.

31.     Plaintiff supplied labor and materials to carry out the work on the Lake Waco Project and is part of the class of persons entitled to the protection of the Payment Bond issued by Lexon.

32.     Plaintiff made its claims under the Payment Bond to Lexon in the time and manner provided by 40 U.S.C., §§ 3131, et. seq., and the Payment Bond. See Exhibit E.

33.     Pursuant to the terms of the Miller Act and the Payment Bond, Plaintiff is entitled to recover the unpaid amounts for the labor and materials it provided to the Project in an amount totaling $75,117.00.

34.     All conditions precedent to Plaintiff's right of recovery for action against the Payment Bond has occurred, been satisfied, or waived.

## COUNT V – ATTORNEY FEES, COSTS AND EXPENSES

35.     Plaintiff alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

36.     C3 has breached its contract obligations. Based on the breaches of contract, Plaintiff has been required to engage the services of the undersigned attorneys to commence this proceeding. Pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code, Chapter 28 of the Texas Property Code, the Payment Bond, the Miller Act, and the Contracts, the Court may award Plaintiff its necessary reasonable attorney fees as may be equitable and just incurred in prosecuting its claims.

37.     Plaintiff is also entitled to recover, and seeks herein, pre- and post-judgment interest in the highest amount allowed by law, along with all its costs and expenses incurred in this lawsuit.

38.     All conditions precedent to Plaintiff's right of recovery for its reasonable attorney fees, interest, cost, and expenses have occurred, been satisfied, or waived.

## V.   QUANTUM MERUIT

39.     Plaintiff, in the alternative, asserts these claims for unpaid labor and goods under the equitable doctrine of quantum meruit upon which Plaintiff seeks judgment.

## VI.   EXHIBITS

40.     The exhibits attached hereto are incorporated herein as if fully set forth.

## VII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ANNA SMITH d/b/a BRAZOS VALLEY TILE INSTALLATIONS, pray that Citations issue, and that upon final hearing, Plaintiff have judgment against Defendants C3, LLC dba Cueto Consulting and Construction, LLC, Andrew Cueto, and LEXON INSURANCE COMPANY, jointly and severally, in the principal amount of $75,117.00 on the Lake Waco Project; together with pre- and post-judgment interest as provided under the law and the contract between the parties, its necessary and reasonable attorney

fees and expenses as may be equitable and just, costs of court, and for all other relief to which

Plaintiff may show itself justly entitled, at law or in equity.

Respectfully submitted,

**BEARD KULTGEN BROPHY
BOSTWICK & DICKSON, PLLC**

Dan N. MacLemore
State Bar No. 24037013
220 South 4th Street
Waco, Texas 76701
Tel (254) 776-5500
Fax (254) 776-3591
maclemore@thetexasfirm.com

**ATTORNEYS FOR PLAINTIFF**